LONG ISLAND CONTRACTING & SUPPLY CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   January 26, 1910.)

Appeal from Special Term, Queens County.

Action by the Long Island Contracting & Supply Company against the City of New York. From a judgment adverse to plaintiff and an order denying its motion for a new trial, it appeals.   Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

James F. McKinney (Edward M. Grout, on the brief), for appellant.

Clarence L. Barber (Theodore Connoly, on the brief), for respondent.

PER CURIAM.   Judgment and order affirmed, with costs.

WOODWARD, J. (dissenting).   I am unable to concur for affirmance in so far as it relates to the point raised by plaintiff's exception to the exclusion of evidence of the market value of the top soil.   It seems clear to me that the provisions of the contract referred to in the report indicate that the contractor was to have the top soil as a part of the consideration for doing the work.   This was not a collateral agreement, but a part of the main contract.   The plaintiff did not seek to prove a subcontract for removing the surplus top soil, but merely the amount that would have accrued from a sale of it in the open market, as an element of damage resulting from the defendant's breach of the contract.   It is conceded that the contractor was entitled to this amount if he owned the top soil.   The contract required the plaintiff to remove the surplus top soil from the work as rapidly as it progressed.   No restrictions whatever are placed upon the plaintiff's possession of and dominion over this top soil.   The plaintiff is not required to remove it to any specified place, but simply to remove it from the line of the work.   All this is inconsistent with the theory that the defendant was to retain ownership of the top soil. It raises a presumption that ownership was to pass to the contractor, and this presumption is not rebutted by evidence.   The provision of the contract prohibiting the excavation and removal of any material without the written permission of the engineer is not inconsistent with this view.   It was for him to say what part of the top soil should be utilized for filling in and grading purposes, and to see that such material should not be removed from the work.   The consent required was a part of the engineering detail of the work.

Even if the amount of the profits from the sale of the top soil is, in a sense, speculative, or rather incapable of strictly accurate estimate, the jury should have been allowed to consider evidence of the market value, making such deductions for the expense of marketing the material as the evidence required.

The judgment and order should be reversed, and a new trial granted, costs to abide the event.